**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADAM COSTELLO & WILLIAM PYTEL**<br><br>                    v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY.** | **CIVIL ACTION**<br><br>**NO.  23-5088** |

<u>**MEMORANDUM RE: MOTION TO DISMISS**</u>

**Baylson, J.**                                                                          **April 8, 2024**

This action was brought by Plaintiffs Adam Costello and William Pytel against their insurer, Defendant State Farm Fire and Casualty Company ("Defendant"), to recover for damages to their home after fire and smoke damage.  Plaintiffs allege that Defendant failed to pay full benefits under the insurance policy (the "Policy") and breached its contractual obligations to participate in an appraisal process after the parties did not reach agreement on the value of their claim.  Plaintiffs bring claims for breach of contract (Count I) and bad faith (Count II) and ask this Court to compel the appraisal process (Count III).

Presently before this Court is Defendant's Motion to Dismiss all counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF 7.  For the reasons stated below, Defendant's Motion to Dismiss is granted as to the breach of contract and compelled appraisal claims and denied as to the bad faith claim.

1

## I.     RELEVANT FACTUAL BACKGROUND

The events giving rise to this case, as alleged by Plaintiffs, are as follows.[1] Plaintiffs are owners of property in Pennsburg, Pennsylvania (the "Property").  Compl. at ¶ 5.  The Property is covered by the Policy issued by Defendant.  Compl. at ¶ 6.  On or about August 12, 2020, while the Policy was in full force and effect, Plaintiffs suffered a loss to the Property when fire damage necessitated a complete demolition and rebuild.  Id. at ¶ 7.  Defendant's adjuster assessed the damage to Plaintiffs' Property at $308, 151.43.  Id. at ¶ 8.  The dwelling coverage limits under the Policy were $340,400.00.  Id. at ¶ 9.  Plaintiffs also paid an additional premium under the Policy for "Increased Dwelling Limit" coverage, up to an additional $68,080.00.  Id. at ¶ 10.

The amount Plaintiffs spent to repair the damaged dwelling exceeded the dwelling coverage limits.  Id. at ¶ 11.  Plaintiffs submitted a claim to Defendant seeking the remainder of the dwelling limits, as well as payment under the Increased Dwelling Limit coverage and for additional living expenses.  Id. at ¶ 12.  Defendant paid the remaining dwelling limits, but only paid a portion of the Increased Dwelling Limit ($11,269.58) and did not pay for Plaintiffs' additional living expenses.  Id. at ¶¶ 13-14.

On or about December 19, 2022, Plaintiffs demanded appraisal pursuant to the appraisal clause in the Policy.  Id. at ¶ 15.

> **Appraisal.**  If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal.  Only *you* or *we* may demand appraisal.  A demand for appraisal must be in writing.  *You* must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal.  At least 10 days before demanding appraisal, the party seeking appraisal must provide the other

---

[1] This Court also considered certain documents submitted as attachments to the Complaint and Defendant's Motion to Dismiss, including the Policy.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (Court may consider documents attached to or submitted with the complaint in evaluating a motion to dismiss); see also Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.") (internal citations omitted).

party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

A.  Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

B.  The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them.

[…]

I.  Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees.  The appraisal award may not be entered as a judgment in a court.

J.  A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

ECF 4-1 at 33-34.

On or about December 28, 2022, Defendant refused to participate in appraisal, citing the

Policy's one-year suit limitation clause.  Id. at ¶ 16.

**Suit Against Us.**  No action will be brought against *us* unless there has been full compliance with all of the policy provisions.  Any action by any party must be started within one year after the date of loss or damage.

ECF 4-1 at 34.

## II.   PROCEDURAL HISTORY

On December 21, 2023, Plaintiffs filed their Complaint in federal court, bringing three

claims:

(1) Breach of Contract,

(2) Bad Faith pursuant to 42 Pa.C.S. § 8371, and

(3) A Petition to Compel Appraisal.

ECF 1.  On January 23, 2024, Defendant filed a Motion to Dismiss Plaintiffs' Complaint.  ECF
7.  On February 20, 2024, Plaintiffs filed a Response in Opposition.  ECF 10-11.  On February
27, 2024, Defendant filed a Reply.  ECF 13.

### III.    PARTIES' CONTENTIONS

#### A.  Defendant's Motion to Dismiss

Defendant argues that Plaintiffs' breach of contract claim (Count I) is time barred
because the Policy includes a one-year limitation period for filing suit, and Plaintiffs did not file
suit until December 21, 2023, more than two years after the limitation period expired on August
12, 2021.  ECF 7-2 at 2-4.

Defendant also argue that Plaintiffs' petition to compel appraisal (Count III) is time
barred because this claim is not separate and distinct from the underlying contract claim.  ECF 7-
2 at 4-5.

With respect to Plaintiffs' bad faith claim (Count II), Defendant argues that its
declination to proceed with appraisal does not demonstrate bad faith because Plaintiffs did not
demand appraisal until twenty-eight months after the date of loss and Plaintiffs have not
provided information to show that Defendant lacked a reasonable basis for declining their
request for an appraisal.  ECF 7-2 at 7.  Defendant also argues that Plaintiffs' claims against
Defendant consist of "bare-bones" conclusory allegations that fail to state a claim for bad faith as
a matter of law.  ECF 7-2 at 9.

#### B.  Plaintiffs' Response

In Response, Plaintiffs argue that Defendant's Motion to Dismiss their breach of contract
claim (Count I) should be denied because Plaintiffs filed suit within one year of the date that

Defendant breached its contract with Plaintiffs by improperly denying Plaintiffs' right to demand appraisal.  ECF 11 at 8.

Plaintiffs argue that Defendant's Motion to Dismiss their petition to compel appraisal (Count III) should be denied because Plaintiffs were acting within their rights under the Policy, and to the extent that Defendant argues that the suit limitation provision prohibits Plaintiffs from seeking to compel appraisal after one year from the date of loss, the Policy is ambiguous because the suit limitation provision conflicts with Plaintiffs' right to invoke the appraisal clause, which does not have a time restriction under the Policy.  ECF 11 at 8-9.

Lastly, Plaintiffs argue that their bad faith claim should survive Motion to Dismiss because Plaintiffs have pled sufficient allegations to support their claim, including allegations that Defendant (1) misrepresented the Policy's "Suit Against Us" provision to apply to appraisal when the provision applies only to lawsuits, (2) unreasonably refused to cooperate in the appraisal process to limit payment, and (3) evaded the spirit of the bargain of the contract.  ECF 11 at 12-13.  Plaintiffs also argue that Defendant knew or should have known that the plain language of the Policy did not impose a time limit on Plaintiffs' right to demand appraisal, and that the suit limitations provision in the Policy applied only to lawsuits, and not to appraisal proceedings.  ECF 11 at 13.  Plaintiffs argue that their remaining bad faith allegations against Defendant are not "bare-bones" conclusory allegations, and Plaintiffs need not "prove their case" at the pleading stage.  ECF 11 at 15.

### C.  Defendant's Reply

In Reply, Defendant argues that Plaintiffs' assertions with respect to the breach of contract claim "missed the point" because whether the one-year suit limitation applies to appraisal is inapposite to whether Plaintiffs' breach of contract claim is time barred.  ECF 13 at

1.  Defendant further contends that Pennsylvania law is clear that the statute of limitations begins to run on the date of loss, not on the date of alleged contract breach.  ECF 13 at 2-3.  In response to Plaintiffs' argument that their petition to compel appraisal (Count III) is not time barred because Plaintiffs are "acting within their rights under the Policy," and the Policy is ambiguous as to the time frame to invoke appraisal, Defendant argues that the issue is not whether the suit limitation provision applies to appraisal, but rather, whether Plaintiffs are time barred from filing suit to enforce their rights under the Policy in the first instance.  ECF 13 at 3.

## IV.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff,  Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that [she] has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

## V.     DISCUSSION

### A.  Breach of Contract (Count I) and Petition to Compel Appraisal (Count III)

Defendant moves to dismiss Plaintiffs' breach of contract claim (Count I) and petition to compel appraisal (Count III) based on the one-year suit limitation clause in the Policy.  The

Commonwealth of Pennsylvania has required that all fire insurance policies issued contain a one-year suit limitation clause.  See 40 Pa.C.S. § 636(2).  The one-year limitation is valid and reasonable.  See Schreiber v. Pa. Lumberman's Mut. Ins. Co., 444 A.2d 647, 649 (Pa. 1982) (finding that this statutory requirement "represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds.").  Furthermore, "the validity of this statutorily mandated limitation of suit provision has been consistently upheld."  Id.  (citing General State Auth. v. Planet Ins. Co., 346 A.2d 265 (1975) and Lardas v. Underwriters Ins. Co., 231 A.2d 740 (1967)).

Here, Plaintiffs' loss to their Property occurred on August 12, 2020.  Under the terms of the Policy, the limitations period began to run on that date.  Plaintiffs filed their Complaint on December 21, 2023, more than three years after the date of loss or damage.  As such, Plaintiffs' breach of contract claim is time-barred.

Plaintiffs' argument that their breach of contract claim is not time barred because Plaintiffs filed suit within one year of the date that Defendant breached its contract with Plaintiffs by improperly denying Plaintiffs' right to demand appraisal is unavailing.  The Policy unambiguously provides that it is the date of the loss or damage, not the date of the alleged contract breach, that starts the clock for purposes of the one-year statute of limitations: "[a]ny action by any party must be started within one year after the date of loss or damage."  ECF 4-1 at 34.  This provision "cannot fairly be interpreted to allow one year from the date of an insurer's alleged *breach* of the insurance contract, as Plaintiff[s] argues."  Blackwell v. Allstate Ins. Co., 2014 WL 437552, at *3 (E.D.Pa. Sept. 3, 2014) (emphasis in original); see also Gen. State. Auth., 346 A.2d at 267 (the limitations period "runs from the date of the occurrence of the destructive event or casualty insured against").  This Court further agrees with Defendant that

Plaintiffs' petition to compel appraisal (Count III) arises from their rights under the Policy and is therefore also barred by the one-year statute of limitations.

The limitations period may be disregarded, however, "when the conduct of the insurer constitutes a waiver or estoppel." Petraglia v. Am. Motorists Ins. Co., 424 A.2d 1360, 1364 (1981) (citations omitted), aff'd mem., 444 A.2d 653 (1982).  Thus, this Court next examines whether Defendant's conduct constitutes a waiver or estoppel of the limitations period such that Plaintiffs' breach of contract claim and petition for appraisal survive dismissal.

"Waiver is the voluntary and intentional abandonment or relinquishment of a known right." Prime Medica Assoc. v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa. Super. 2009) (internal citation omitted).  "Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." Id.  Estoppel, by contrast, "refers to acts by the insurer which excuse the insured's failure to act timely."  Conway v. State Farm Fire & Cas. Co., 1999 WL 545009, at *3 (E.D.Pa. July 27, 1999) (citing Jackson v. Chubb Grp. of Ins. Cos., 1987 WL 8556, at *3 (E.D.Pa. Mar. 26, 1987).  Estoppel requires "an affirmative act by the insurer by which the insured was misled and prejudiced."  Id.  "The case law makes clear, furthermore, that the delinquent plaintiff must come forward with specific evidence supporting the claim of waiver or estoppel."  Evans Products Co. v. West Am. Ins. Co., 736 F.2d 920, 927 (3d Cir. 1984) (Adams, J. dissenting) (internal citations omitted).

Plaintiffs have not come forward with any such evidence here.  This Court cannot find waiver or estoppel to apply where Plaintiffs have made no assertion that Defendant (1) made any express decision not to rely on the suit limitation clause or (2) committed any affirmative act to mislead or prejudice Plaintiffs prior to the expiration of the one-year limitation period.

In the absence of waiver or estoppel, Plaintiffs' failure to timely file suit requires this Court to grant Defendant's Motion to dismiss as to Plaintiffs' breach of contract claim and petition to compel appraisal.

### B. Bad Faith

Under Pennsylvania's bad faith statute, a court may award compensation to an insured if it finds that "the insurer has acted in bad faith toward the insured."  42 Pa. Cons. Stat. § 8371.[2]  Bad faith on the part of the insurer is defined as:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Northwestern Mut. Life. Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (citing Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1984) (quoting Black's Law Dictionary 139 (6th ed. 1990)).

It is well established that "a claim for bad faith brought pursuant to § 8371 is a separate and distinct cause of action and is not contingent on the resolution of the underlying contract claim."  Doylestown Elec. Supply Co v. Maryland Cas. Ins. Co., 942 F. Supp. 1018, 1019-20 (E.D.Pa. 1996) (citing March v. Paradise Mut. Ins. Co., 646 A.2d 1254, 1256 (Pa. Super. 1994), appeal denied, 656 A.2d 118 (Pa. 1995).  The bad faith claim "is not affected by the one-year limitations period in the insurance contract."  March, 646 A.2d at 1257.  Therefore, a plaintiff

---

[2] Pennsylvania's bad faith statute provides: In an action arising under an insurance policy, if the court finds that insurer has acted in bad faith toward the insured, the court may take all of the following actions:
  (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
  (2)  Award punitive damages against the insurer.
  (3)  Assess court costs and attorney fees against the insurer.

"may succeed on its bad faith claim even if it fails on the underlying breach of contract claim." Doylestown, 942 F. Supp. at 1020 (citing March, 646 A.2d at 1256-57).

To state a claim for bad faith under Pennsylvania law, a plaintiff must show (1) that an insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688-89). However, § 8371's bad faith "is not [strictly] restricted to an insurer's bad faith in denying a claim," but rather "encompasses a wide variety of objectionable conduct," including "lack of good faith investigation into facts, and failure to communicate with the claimant." Bussie v. American Security Ins. Co., 2021 WL 2206282, at *6 (E.D.Pa. June 1, 2021) (citing Greene v. United Servs. Auto. Ass'n, 936 A.2d 1178, 1187 (Pa. Super. Ct. 2007) (internal quotations omitted)). "Bad faith claims are fact specific and depend on the conduct of the insurer *vis-à-vis* the insured." Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. 2006) (quoting Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 887 (Pa. Super. 2000)).

Here, Plaintiffs have adequately alleged that Defendant lacked a reasonable basis for denying their right to appraisal. Plaintiffs allege that they took out a policy from Defendant that covered fire damage to the Property, the Property suffered fire damage while the Policy was in effect, Defendant refused to pay the full amount for the covered damage and then subsequently refused to engage in the appraisal process. Defendant fails to offer any reasonable basis for its refusal to comply with the Policy's appraisal provision.

Where, as here, the policy in question does not designate a time frame for demanding appraisal, "Pennsylvania law requires that the appraisal demand be made within a reasonable time depending upon the circumstances at the time it was made." CLP Associates, LLC v. Seneca Ins.

Co., Inc., 2021 WL 3852069, at *4 (E.D.Pa. Aug. 27, 2021) (citing Kester v. State Farm Fire and

Cas. Co., 726 F. Supp. 1015, 1019 (E.D.Pa. 1989)); see also Hodges v. Pennsylvania Millers Mut.

Ins. Co., 673 A.2d 973, 974 (Pa. Super. Ct. 1996) ("[I]t is hornbook law that where no time is

specified for performance of a contractual obligation, the courts will require that the obligation be

performed within a 'reasonable' time.")

Here, as alleged by Plaintiffs, Defendant sent Plaintiffs a letter on August 12, 2022, exactly

two years after the date of loss, and exactly 1 year after the statute of limitations under the Policy

expired, indicating that it would pay only a portion of the Increased Dwelling Limit.  It was this

August 12, 2022 decision by Defendant that prompted Plaintiffs to demand appraisal four months

later on December 19, 2022.  The Policy does not designate a particular time frame in which

Plaintiffs must demand appraisal.  On these facts, this Court finds that Plaintiffs' demand for

appraisal in December 2022— approximately twenty eight months after the date of loss but only

four months after the date of impasse between Plaintiffs and Defendant regarding the amount

due—was reasonable, and that Plaintiffs adequately pled that Defendant lacked a reasonable basis

for refusing to participate in the appraisal.  See CLP Associates, 2021 WL 3852069, at *4-5

(finding 23-month delay after date of loss in bringing appraisal demand reasonable where, under

the circumstances of the case, the period at issue is measured more accurately as between one week

and six months based on (1) the date Plaintiff demanded payment for additional invoices and (2)

the date of the parties' failed mediation, respectively).

This Court recognizes that the district court in Long v. Farmers New Century Ins. Co. took

a contrary position on similar facts.  See 267 F. Supp. 3d 530, 537 (E.D.Pa. 2017) (granting

judgment on pleadings on bad faith claim and finding the untimeliness of Plaintiffs' demand for

appraisal, fifteen months after the loss was incurred and two months after Defendant had paid

Plaintiff in part for the loss, was a reasonable basis for Defendant to decline to participate in appraisal).  However, given the evidence of ongoing discussions between the parties in the Summer – Fall 2022 time frame, and in consideration of the early stages of this litigation, this Court is reluctant to conclude that the request for appraisal, though 28 months after the date of loss, was untimely.

Additionally, the allegations in the Complaint allow the proper inference that Defendant knew or recklessly disregarded the lack of a reasonable basis for refusing to participate in the appraisal process.  Plaintiffs allege that Defendant misrepresented the Policy's "Suit Against Us" provision to apply to appraisal when it applies only to lawsuits (and when it was clear that Plaintiffs were only invoking their appraisal rights under the Policy), and that Defendant refused to participate in appraisal on that basis.  Compl. at ¶¶ 16, 25(d).  Defendant's sole reason for refusing to engage in the appraisal process– that the Policy's "Suit Against Us" provision applied to appraisals and that the statute of limitations for filing suit had expired – is unavailing. Defendant does not offer any argument in its Motion to Dismiss or Reply as to why the expired statute of limitations for filing suit affects Defendant's obligation to participate in the appraisal process under the Policy.  Plaintiffs have thus sufficiently stated a plausible bad faith claim under Pennsylvania law.  Accordingly, this Court declines to dismiss the bad faith claim at this time.

## VI.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Plaintiffs' breach of contract claim (Count I) and petition to compel appraisal (Count III) but denied as to Plaintiffs' bad faith claim.  An appropriate order follows.

O:\CIVIL 23\23-5088 Costello v State Farm\23cv5088 Costello v. State Farm Memorandum re Motion to Dismiss.docx